CAROL ANN WHITMARSH *vs.* J. CLIFDEN O'REILLY.

AUGUST 16, 1957.

PRESENT: Condon, Roberts, Andrews and Paolino, JJ.

PAOLINO, J. This is a petition for the appointment of an administrator of the estate of Mabel L. Whitmarsh, late of the city of Cranston, who deceased intestate June 23, 1955. The petition was filed in the probate court of the city of Cranston on July 11, 1955 by Carol Ann Whitmarsh, infant, by her next friend and mother Phyllis Whitmarsh and prayed for the appointment, as administrator, of Joseph G. Bodie of said city or for some other suitable person. At the time of her death the intestate was a widow. The petition alleges that she left two heirs, Carol Ann Whitmarsh and Lucy May Stubbs. They were children of the intestate's deceased son.

At the hearing on the petition before the probate court of the city of Cranston on August 12, 1955 that court denied the prayer for the appointment of Joseph G. Bodie as administrator and appointed instead J. Clifden O'Reilly, an attorney, of the city of Pawtucket. Lucy May Stubbs did not appear at this hearing either in person or by counsel. Joseph G. Bodie testified in the superior court that he was not present at the hearing in the probate court. The petition alleged that the estate was in litigation and

that the value thereof was uncertain. From the decree of the probate court making such appointment, the granddaughter Carol Ann Whitmarsh appealed to the superior court.

In her reasons of appeal she prayed that the decree of the probate court be reversed and that Joseph G. Bodie be appointed administrator. The appellant also alleged in her reasons of appeal that William J. McGair, a contingent debtor of the estate, and J. Clifden O'Reilly are the only adversary parties, other than the appellant, who entered appearances in this cause in the probate court.

The case was heard in the superior court *de novo* before a justice thereof sitting without a jury. The record shows that prior to the hearing of the appeal in that court, on a motion filed by the appellant by her next friend and mother, Joseph G. Bodie was appointed guardian *ad litem* of the appellant Carol Ann Whitmarsh, an infant who was then five years of age. The record also shows that Lucy May Stubbs, the other heir, by written stipulation entered her appearance in the superior court on November 5, 1956 and the appellant's counsel also filed an entry of appearance on November 14, 1956 as counsel for Lucy May Stubbs. However, there is nothing in the record to indicate that Lucy May Stubbs has been *formally* added as a party in this case nor did she testify as a witness therein.

At the hearing in the superior court Joseph G. Bodie was the only witness presented by the appellant. He testified in substance that he had known the intestate quite well and had cared for her as best he could financially and in many other ways; that he was familiar with the litigation in which her estate was involved; that he knew the grandchildren; and that he concurred with them in requesting the appointment of himself or Lucy May Stubbs as administrator. He testified further that, although he did not know J. Clifden O'Reilly personally, he lacked confidence in him and objected to his appointment because he was

not a relative of the intestate and had no financial interest in the estate.

The appellee, testifying in his own behalf, stated that he was a member of the bar in good standing and he categorically denied the allegation that he was not a suitable person to act as administrator. He admitted that he had no financial interest in the estate, but stated that Joseph G. Bodie did have such an interest as a creditor. In concluding his testimony he stated that if his appointment continued he would serve the interest of the estate as required by the statute and by his oath of office.

After the hearing the trial justice rendered a written decision in which he reviewed the evidence and the law applicable thereto. He noted that it did not appear in evidence that either Joseph G. Bodie or J. Clifden O'Reilly was related to the family of the intestate. In referring to the decision of the judge of the probate court, he said "it may well be that he thought for an estate in litigation an attorney-at-law would make a more suitable administrator than a man not learned in the law." After stating that he believed Mr. O'Reilly was a man of high character and a lawyer of many years' experience, the trial justice concluded that no sound reason had been advanced to show that the probate court had abused its discretion in appointing the appellee. The superior court thereupon entered a decree affirming the appointment of J. Clifden O'Reilly as administrator of the estate of Mabel L. Whitmarsh. The appellant excepted to such decision and has duly prosecuted her bill of exceptions to this court, stating therein that the decision is against the law, the evidence and the weight thereof.

The appellant contends that under general laws 1938, chapter 575, §9, Lucy May Stubbs being an heir and otherwise suitable and competent, or Joseph G. Bodie, as the nominee of Carol Ann Whitmarsh, who because of her infancy was neither suitable nor competent, was entitled to

be appointed to administer the estate; and that the trial justice erred in refusing to reverse the decree of the probate court and to appoint either Lucy May Stubbs or Joseph G. Bodie. In substance the appellant argues that a person who has no legal interest in an estate cannot, as a matter of law, be appointed to administer it to the exclusion of next of kin or their nominees.

The provisions of §9 read as follows: "Administration of the estate of a person dying intestate shall be granted as follows: *First*.—To the widow or surviving husband or one or more of the next of kin, or to the widow or surviving husband jointly with one or more of the next of kin, they being suitable persons and competent. *Second*. — If the widow or surviving husband and the next of kin shall neglect to apply for letters of administration within 30 days after the decease of a person intestate, or shall be unsuitable for the discharge of the trust, or renounce the administration, the probate court may, on petition therefor of some party in interest, grant administration to any suitable person."

The appellee contends that there is nothing in the record which indicates that Lucy May Stubbs was at any time a recognized party to the proceedings in the probate court; that a proper motion was not filed in the superior court, nor was any order entered permitting her to become a party appellant in these proceedings; and that the decree of the superior court decided only the case of Carol Ann Whitmarsh v. J. Clifden O'Reilly. In the circumstances of this case it is our opinion that the superior court did not err in refusing to appoint Lucy May Stubbs. The procedure to be followed on appeals from courts of probate is set forth in G. L. 1938, chap. 573, §1, second clause, which provides as follows: "* * * the appellant shall file in the superior court a certified copy of said claim and record and his reasons of appeal specifically stated, to which reasons the appellant shall be restricted, unless, for cause shown, and with

or without terms, the superior court shall allow amendments thereof and additions thereto."

The evidence is clear that Lucy May Stubbs was not present at the proceedings in the probate court either in person or by counsel; nor does the record show that any request was made to that court to appoint her, and neither is any mention made of Lucy May Stubbs in the reasons of appeal, which, in fact, specifically state that there is no valid reason against the appointment of Joseph G. Bodie. In these circumstances we believe the trial in the superior court was properly restricted within the limits fixed by the reasons of appeal. See *Vaill* v. *McPhail,* 34 R. I. 361, 370; *Shea* v. *Shea,* 76 R. I. 66, 70. This is especially true in the instant case in view of the fact that neither the appellant nor Lucy May Stubbs acted seasonably in making known to the probate court their desire that she be appointed; in fact the record shows no such notice to the probate court at any time. See *Fortin* v. *Tanguay,* 75 R. I. 102, 105.

The appellee concedes that it is the duty of the probate court under the first clause of chap. 575, §9, to appoint one or more of the next of kin if there is no surviving spouse and if such kin are suitable and competent. However, he contends that since Joseph G. Bodie was not a person within the statutory class, and since no person of the class designated by statute had petitioned for or requested such appointment, the probate court had the authority under §9, second clause, in its discretion, to appoint an otherwise competent and suitable person from outside the statutory class. In view of the fact that the appellant was not suitable or competent because of her infancy, and since Joseph G. Bodie was not of the next of kin, it is our opinion that the probate court had the authority to appoint in its discretion an otherwise suitable and competent person, even though a stranger to the estate. See *Fortin* v. *Tanguay, supra,* wherein this court stated at page 105: "* * * we are of the opinion that the legislature intended to vest such discre-

tion in the probate court only where it appeared that none of the next of kin was seeking the appointment or was found to be competent."

However, the appellant further contends that even though she is unsuitable and incompetent, the probate court erred in failing to appoint her nominee Joseph G. Bodie. She relies on *Mowry* v. *Latham,* 17 R. I. 480, to support this contention. The facts in that case are clearly distinguishable from those in the instant case. In *Mowry* v. *Latham, supra,* the next of kin, who would otherwise be entitled to administer the estate in question, was *non compos mentis* and his guardian was the appellant. In that case, in which the appellant was the guardian of the *estate and person of the ward,* this court properly reversed the lower court and ordered the appointment of the guardian as administrator of the ward's brother's estate, saying at page 482: "We are, therefore, of the opinion, that as Edwin H. Mowry, if competent, would be entitled to the administration, his representative appointed by law to guard his interests is entitled to the administration in preference to a person who would have been of the next of kin had Edwin H. Mowry died before his brother, and, *a fortiori,* in preference to a stranger nominated by such person." In the instant case, however, the record does not show that a guardian of the estate and person of Carol Ann Whitmarsh had been appointed by any court of competent jurisdiction. From the record it appears that, pending the hearing of the appeal in the superior court, on motion of the appellant, Joseph G. Bodie was appointed by such court guardian *ad litem* to assist the court in properly protecting the interests of the infant in that particular proceeding. See *Stanton* v. *Sullivan,* 62 R. I. 154, 156.

We have examined the authorities cited by the appellant and we affirm the long-established principle of law relating to the administration of estates of intestates, that the right to administer follows the right to inherit. *Johnson* v. *John-*

*son,* 15 R. I. 109, 110; *Mowry* v. *Latham, supra; Emsley* v. *Young,* 19 R. I. 65. However, it is our opinion that those cases are not in point and do not apply to the facts of this case where the evidence clearly shows that Carol Ann Whitmarsh was not suitable and competent because of infancy and that Lucy May Stubbs, although she may have been otherwise suitable and competent, did not make known to the probate court her desire, if she had one, that she be appointed. *Fortin* v. *Tanguay, supra.*

We are therefore of the opinion that under the provisions of §9, second clause, the probate court had jurisdiction in the exercise of its judicial discretion to appoint a stranger to administer the instant estate. The only question remaining is whether the trial justice erred in his decision affirming the probate court's decree appointing J. Clifden O'Reilly administrator and declining to appoint Joseph G. Bodie. A careful examination of the record shows there is sufficient evidence to support the trial justice's finding that J. Clifden O'Reilly is a man of high character and an experienced lawyer in good standing, and that no sound reason has been advanced to show that the probate judge abused his discretion in appointing him. For these reasons we are of the opinion that the trial justice did not err in his decision affirming the decree of the probate court.

The exception of the appellant is overruled, the decree of the superior court is affirmed, and the case is remitted to that court for further proceedings.

*Aram K. Berberian,* for appellant.

*J. Clifden O'Reilly, pro se,* for appellee.